**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CSX TRANSPORTATION, etc.,

        Plaintiff,

vs.                                              Case No. 3:05-cv-1236-J-32TEM

ST. PAUL SURPLUS LINES INSURANCE
COMPANY, a foreign corporation, and
LEXINGTON INSURANCE COMPANY, a
foreign corporation,

        Defendants.

_____

**ORDER**[1]

This case, removed from state court on diversity grounds on December 2, 2005, is before the Court on Plaintiff CSX Transportation ("CSXT")'s Motion to Remand (Doc. 5), filed on December 22, 2005. Defendant St. Paul Surplus Lines Insurance Company ("St. Paul") has responded in opposition (Doc. 7). CSXT's motion represents that defendant Lexington Insurance Company ("Lexington") (which did not file any papers on the motion) agrees to a remand.

CSXT's objections to the removal are twofold: first, CSXT claims removal was improper because defendant Lexington, which had been served at the time of removal, did not join in the Notice of Removal; and second, CSXT claims St. Paul waived its right to remove when it entered into an insurance policy with CSXT containing a Service of Suit

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

clause under which St. Paul agreed to defend any lawsuit brought under the policy in "the court that is authorized to hear the case." Doc. 5 at 7 (quoting from policy). CSXT additionally seeks recovery of its attorney's fees and costs associated with bringing the motion.

St. Paul concedes that Lexington had been served with process at the time of removal and further concedes that "there is a general rule of unanimity, requiring all defendants to agree to removal." Doc. 7 at 2. Indeed,

> the law is well settled that in cases involving multiple defendants, <u>all defendants must consent to the removal</u> of a case to federal court. Like all rules governing removal, this <u>unanimity requirement must be strictly interpreted</u> and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction.

<u>Russell Corp. v. Am. Home Assur. Co.</u>, 264 F.3d 1040, 1044 (11th Cir. 2001) (citations omitted) (emphasis supplied). <u>See also</u>, <u>Hernandez v. Seminole County, Fla.</u>, 334 F.3d 1233, 1237 (11th Cir. 2003) ("The failure to join all defendants in the petition is a defect in the removal procedure.") (citation and quotation omitted).

St. Paul, however, argues that an exception which permits a notice of removal to be filed without consent of *non-served* defendants should be extended here because Lexington, though served, had not yet made an appearance and St. Paul therefore did not know who Lexington's counsel would be and could not secure its consent. There does appear to be an exception which permits removal without joinder of non-served defendants. <u>See, e.g.</u>, <u>Fuller v. Exxon Corp.</u>, 78 F.Supp.2d 1289, 1293-94 (S.D. Ala. 1999); <u>Paz v. Bonita Tomato Growers, Inc.</u>, 920 F.Supp. 174, 175 (M.D. Fla. 1996); <u>Jasper v. Wal-Mart Stores, Inc.</u>, 732

F.Supp. 104, 105-06 (M.D. Fla. 1990). However, St. Paul has offered no case law (and the Court found none) to support its proposition that the exception permitting removal without consent of non-served defendants should be extended to permit removal without the consent of served, but not yet appearing, defendants.

Here, Lexington had been served at the same time St. Paul was served. St. Paul knew from the face of plaintiff's complaint that Lexington was alleged to be a Delaware corporation with its principal place of business in Boston, Massachusetts. Yet St. Paul does not represent that it made any efforts to contact Lexington to ascertain who its counsel might be or to secure Lexington's consent. In fact, St. Paul's Notice of Removal does not acknowledge the existence of Lexington as a named defendant in the case at all (other than including it in the case caption). Cf., Paz, 920 F.Supp. at 175 (noting that removing defendant sufficiently complied with unanimity rule by stating in Notice of Removal that it had obtained express consent of non-served defendant). See also PP Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., 395 F.2d 546, 548 (7th Cir. 1968) (noting that where not all defendants have joined petition, "[b]etter practice dictates that the petition expressly indicate why"). In light of the Eleventh Circuit standard stated above, which dictates that the "unanimity requirement" be "strictly interpreted," Russell Corp, 264 F.3d at 1044, the Court finds it cannot extend the exception to fit the situation presented here. Lexington was a served defendant and was required to join in the Notice of Removal. It did not and still has not. As the removing party, St. Paul bears the burden of proving federal jurisdiction is

proper;[2] it has failed to carry that burden here and this case is therefore due to be remanded.[3]

As for the matter of attorney's fees and costs, in accordance with the guidelines recently provided by the Supreme Court in Martin v. Franklin Capital Corp., 126 S.Ct. 704 (2005), the Court finds, in a close call, that an award of fees and costs is not appropriate here.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand (Doc. 5) is **GRANTED** except that the request for attorney's fees and costs is denied.  The Clerk shall **REMAND** this case to the Fourth Judicial Circuit in and for Duval County.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of January, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record

---

[2]See, e.g., Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

[3]Because the Court found the first asserted ground was meritorious, the Court has not addressed the Service of Suit clause argument.